IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL D. JONES | § | |
| VS. | § | CIVIL ACTION NO. 1:26-cv-134 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Michael D. Jones, an inmate currently confined at the Gurney Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. .§ 2254.

Discussion

Petitioner filed this petition challenging a conviction received January 29, 2026 in the 19th Judicial District Court for McLennan County, Texas.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his Petition for Writ of Habeas Corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted.  Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.  While § 2241 provides federal courts with general authority to grant habeas relief, § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).  Section 2254 applies specifically to "persons in custody pursuant to a judgment of a State court . . . ." 28 U.S.C. § 2254; *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991).

Petitioner is currently confined at the Gurney Unit located in Palestine, Texas.  Thus, Petitioner is confined within the jurisdictional boundaries of the Eastern District of Texas.  The conviction being challenged, however, occurred in McLennan County, Texas. Pursuant to 28 U.S.C.

§ 124, McLennan County is located within the jurisdictional boundaries of the United States District Court for the Western District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted and sentenced.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Waco Division of the Western District of Texas and all records and witnesses involving this action may be located in the Western District, the transfer of this action to such division would further justice.  Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Western District of Texas, Waco Division.

For the reasons set forth above, this case should be transferred to the Waco Division of the United States District Court for the Western District of Texas.  A Transfer Order shall be entered in accordance with this Memorandum.

SIGNED this 15th day of April, 2026.

_____
Zack Hawthorn
United States Magistrate Judge